UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA ROBINSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CAUSE NO. 2:15-CV-234-PPS ) |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Joshua Robinson, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-03-47) that was held at the Miami Correctional Facility on March 17, 2015. The Disciplinary Hearing Officer found him guilty of Possession/Use of a Wireless Communication Device in violation of A-121 and sanctioned him with the loss of 180 days earned credit time and demoted him to credit class 2. Robinson raises four grounds in his petition.

In Ground One, Robinson argues that the sanctions were excessive because, while they were within the guidelines, there is a variance in punishment at the prison and he was punished too severely compared to inmates in his position. Harshness of sanctions, however, is not a valid basis for challenging a punishment that is within the range of the offense for which the inmate was found guilty. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (Where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence.")

Here, Robinson even admits that the punishment imposed was within the limits permitted by Indiana's Disciplinary Code for Adult Offenders for a Class A offense. Ground One, therefore, is not a basis for habeas corpus relief.

In Ground Two, Robinson argues that the Disciplinary Hearing Officer was biased and gave him the maximum punishment because his brother had been found guilty of a similar offense. To the extent that this is an argument about the severity of the punishment Robinson received, it is merely a restatement of the claim I rejected in Ground One. To the extent that it is an argument that the hearing officer was biased because of prior proceedings against his brother, that is not sufficient to overcome the presumption of honesty and integrity to which an adjudicator is entitled. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A hearing officer is not automatically deemed biased simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie v. Cotton*, 342 F.3d 660, 666-67 (7th Cir. 2003); *Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002); *Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, Robinson's claim is even more tenuous than those cases because here it is not a prior adjudication against him, but against his brother and Robinson has not shown how the Disciplinary Hearing Officer's familiarity with Robinson's brother actually biased Robinson. Ground Two, therefore, is not a basis for habeas corpus relief.

In Ground Three, Robinson argues that the offense A-121, possessing a cell phone, did not exist until March 1, 2015. Consequently, Robinson argues that he could

2

not be written up for a violation of the "non-existent" rule on February 23, 2015. Here, Robinson's facts are just patently wrong. Rule A-121 prohibiting inmates from having cell phones existed on February 23, 2015. [*See* DE 6-9 at 3.] Perhaps something about the disciplinary rules changed on March 1, 2015, and A-121 was re-printed in a new or revised version of the rules. Nevertheless, because the "no cell phone" rule existed when Robinson was written up, Ground Three is not a basis for habeas corpus relief.

In Ground Four, Robinson argues that there are discrepancies on the Conduct Report. The Report says that the incident occurred on "E housing unit, cell #126/126." [DE 6-1 at 1.] But it also says that the phone was found in #437/438 and that Robinson was assigned to E-437. [*Id.*] Clearly the Disciplinary Hearing Officer resolved this discrepancy and it is not my place in a habeas corpus case "to assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Moreover, Robinson does not dispute that he told the Disciplinary Hearing Officer at the hearing, "My Bunkie didn't have anything to do with it. It was mine." [DE 6-5 at 1.] Given his confession, he clearly was not confused by the inclusion of a reference to a different cell. Robinson also argues that the Disciplinary Hearing Officer violated several prison rules. The violation of a prison rule, however, is not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Ground Four, therefore, is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** and the clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: August 5, 2016

                                         s/ Philip P. Simon
                                        **PHILIP P. SIMON, CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**